IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NANETTE A. CUAUHTLI,           §
                               §
          Plaintiff,           §
                               §
VS.                            §   NO. 4:06-CV-472-A
                               §
CHASE HOME FINANCE LLC,        §
                               §
          Defendant.           §

MEMORANDUM OPINION
and
ORDER

On December 26, 2006, defendant, Chase Home Finance LLC ("Chase"), moved for summary judgment on all claims asserted by plaintiff, Nanette A. Cuauhtli ("plaintiff"), in this suit. Having considered the motion, the response, the reply, the summary-judgment evidence, and the applicable legal authorities, the court concludes that the motion should be granted as stated below.

I.

Plaintiff's Claims and Chase's Motion for Summary Judgment

Plaintiff alleges in her complaint that Chase wrongly foreclosed on her house and that she is therefore entitled to money damages and to have the foreclosure set aside. Chase contends that plaintiff has no standing to bring a claim for wrongful foreclosure. Alternatively, Chase contends that the borrower, Gabriel Cuauhtli ("Mr. Cuauhtli"), defaulted on the mortgage loan, that Chase properly accelerated and foreclosed on such loan, and that the subsequent foreclosure sale was conducted without defects. Moreover, Chase argues that even if the court

denies its motion for summary judgment, as a matter of law Chase is entitled to have plaintiff's claim for money damages dismissed.

III.

Facts

The facts set forth below are undisputed in the summary judgment record:

Plaintiff's husband, Mr. Cuauhtli, signed a promissory note dated November 19, 1999, in the amount of $80,000.00 ("Note"). The Note was payable to the order of Chase Manhattan Mortgage Corporation ("CMMC"). Simultaneous to the signing of the Note, Mr. Cuauhtli executed a deed of trust, which encumbered the property known as 7006 Port Phillip Drive, Arlington, TX 76002 ("Property"). Plaintiff did not sign the Note or the deed of trust.

On January 13, 2000, a Mortgagee Policy of Title Insurance was issued to Chase by Alamo Title Insurance. The policy stated that "[t]itle to the estate or interest in the land is insured as vested in [Mr.] Cuauhtli". Def.'s App. Supp. Summ. J. Ex. 1-C 17. Chase, successor by merger to CMMC, was assigned the Note and the deed of trust and also acted as the mortgage servicer.

On December 12, 2001, Mr. Cuauhtli executed a "Texas Home Equity Loan Note (Fixed Rate)(Homestead)" in the amount of $30,000 ("Home Equity Note") with JPMorgan Chase Bank, N.A. ("JPMorgan") as the lienholder. Plaintiff did not sign the Home Equity Note.

2

Mr. Cuauhtli became delinquent in making the required payments on the Note.  On December 6, 2005, Chase sent a letter to Mr. Cuauhtli informing him that Chase was returning his payment because it was less than the total amount due.  The letter also asked Mr. Cuauhtli to contact Chase's Default Loan Servicing Department.  On January 5, 2006, Chase sent a second letter to Mr. Cuauhtli notifying him that his loan was in default and that to cure it he would be required to submit to Chase by February 4, 2006, a payment of $8,273.21, in addition to any other payment that became due in the interim.  The letter also explained that if the default was not cured, Chase may take action to accelerate the loan and initiate foreclosure proceedings.  Mr. Cuauhtli failed to cure the default.

On February 7, 2006, Chase sent Mr. Cuauhtli a third letter informing him that his loan had been forwarded to an attorney/trustee for immediate foreclosure proceedings.  The letter gave Mr. Cuauhtli the contact information for the attorney in the event he wished to reinstate or payoff his loan.  The letter also advised him that if he could not pay the total amount due on his loan, alternatives to foreclosure were still a possibility and that he should contact Chase's Homeowner's Assistance Department.

On February 13, 2006, an appointment of substitute trustee for the deed of trust was recorded in the Real Property Records

of Tarrant County, Texas ("Records Office").[1]  On February 14, 2006, the law firm hired by Chase, Barrett Burke Wilson Castle Daffin & Frappier, L.L.P., sent a letter addressed to Mr. Cuauhtli to 7006 Port Phillip Drive, Arlington, TX 76002, the address of the Property and the last known address of Mr. Cuauhtli.  The letter was delivered to Mr. Cuauhtli on February 15, 2006, and stated that Chase had accelerated his loan and that a foreclosure sale of the Property was scheduled for April 4, 2006.  On February 27, 2006, a notice of substitute trustee sale was recorded in the Records Office and stated that a foreclosure sale of the Property was scheduled for April 4, 2006.

The substitute trustee, T. Ross, conducted the public foreclosure sale on the Property on April 4, 2006.  The Substitute Trustee's Deed and Affidavit were later recorded in the Records Office.  JPMorgan purchased the property at the sale for $66,372.42.  JPMorgan was a second lienholder on the Property pursuant to the Home Equity Note.

IV.

Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The moving party has the initial

---

[1] The document stated that either J. Clarke, M. Zientz, T. Ross, or A. Holland could act as substitute trustee.

burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256.  The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986).  Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial.  Anderson, 477 U.S. at 248, 256.  To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action.  Anderson, 477 U.S. at 248.  Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment.  Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.  Celotex Corp., 477 U.S. at 323.  If the record taken as a

whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597.  See also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

V.

Analysis

A. Plaintiff Has Standing to Assert a Claim for Wrongful Foreclosure

"To contest a bank's foreclosure [under] a deed of trust, a party must, at the time of the foreclosure, either 1) be the mortgagor under the deed of trust or be in privity with the mortgagor, or 2) have an ownership interest in the property affected by the foreclosure." Ursic v. NBC Bank South Texas, N.A., 827 S.W.2d 334, 336 (Tex. App. – Corpus Christi 1991, writ denied)(citing Goswami v. Metropolitan Sav., 751 S.W.2d 487, 489 (Tex. 1988).[2]  Here, plaintiff admits that her husband, Mr. Cuauhtli, was the mortgagor under the deed of trust and she does not allege that she was in privity with him.  However, plaintiff

---

[2]  "Modern cases have expanded the class of parties with standing to dispute the validity of the foreclosure sale by adopting a more liberal attitude toward this privity requirement...[u]nder the current approach, the [plaintiff] need only have established a property interest in the deed of trust realty to impute a flaw" in the sale.  Long v. NCNB-Texas Nat'l Bank, 882 S.W.2d 861, 867 (Tex. App.– Corpus Christi 1994, no writ)(citing American Sav. & Loan Assoc. v. Musick, 531 S.W.2d 581, 586 (Tex. 1975).

does assert that she had an ownership interest in the Property at the time of the foreclosure because it was community property.

In Texas, property possessed by either spouse during ... marriage is presumed to be community property. <u>Estate of Hanau</u> <u>v. Hanau</u>, 730 S.W.2d 663,   and the party claiming it as separate has the burden to overcome this presumption by clear and convincing evidence. Tex. Fam. Code Ann. § 3.003 (Vernon 2006). Chase maintains that plaintiff has no interest in the Property. Because plaintiff's husband possessed the Property during their marriage, Chase has the burden of proving by clear and convincing evidence that the Property was in fact Mr. Cuauhtli's separate property.

Chase does not mention the issue of community property in its brief in support of its motion for summary judgment. In its reply brief, Chase responds to plaintiff's community property argument as follows:

> Plaintiff admits the property was purchased by Mr. Cuauhtli. [Chase] was not provided notice of any alleged transfer of Mr. Cuauhtli's interest in the property and did not provide any prior written consent to any transfer of interest in the property. ... Plaintiff was not a party to the Deed of Trust which contradicts her unsupported community property claim. Her unsupported "community property" allegation does not confer standing upon the Plaintiff and does not create a genuine issue of material fact.

Def.'s Reply Supp. Summ. J. 6-7. As noted above, there is a presumption that property is community when one spouse possesses property during a marriage. Thus, the fact that plaintiff's community property allegation was "unsupported" does not diminish the presumption that the Property was

community.  Further, the fact that plaintiff "was not a party to the Deed of Trust" is also not definitive of the community property issue.  Def.'s Reply Supp. Summ. J. 6-7. While Chase may have used the fact that plaintiff did not sign the deed of trust as evidence that the Property was Mr. Cuauhtli's separate property, that fact alone does not constitute clear and convincing evidence that the Property was not community.

Because Chase has failed to adduce clear and convincing evidence that the Property was Mr. Cuauhtli's separate property, the court presumes the Property was in fact community property.  Therefore, plaintiff, "hav[ing] an ownership interest in the property affected by the foreclosure", has proper standing to bring a claim for wrongful foreclosure on the Property.  Ursic, at 336.

B. Plaintiff Has Failed to Establish a Claim for Wrongful
   Foreclosure

Under Texas state law, wrongful foreclosure occurs when an irregularity in the foreclosure sale causes or contributes to the recovery of an inadequate price for the property.  American Sav. & Loan Ass'n v. Musick, 531 S.W.2d 581, 587 (Tex. 1975). Accordingly, a party seeking damages or invalidation of the sale under a theory of wrongful foreclosure must show that any damage, loss, or material injury was due to an irregularity in the foreclosure sale.  Gainesville Oil & Gas Co. V. Farm Credit Bank of Texas, 847 S.W.2d 655, 659 (Tex. App.–Texarkana 1993, no writ).  Thus, a debtor may recover "for common-law wrongful

8

foreclosure only if the mortgagee either (1) fails to comply with statutory or contractual terms, or (2) complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure process." <u>First State Bank v. Keilman</u>, 851 S.W.2d 914, 921-22 (Tex. App. – Austin 1993, writ denied).

In Texas, a foreclosure sale of real property pursuant to a deed of trust is governed by section 51.002 of the Texas Property Code. Section 51.002 sets out specific requirements as to the time and place a foreclosure sale must be held, as well as to the notice that must be given prior to the sale. <u>See</u> § 51.002(b) (stating that notice must be given at least 21 days before the date of the sale). Proper notice can be accomplished by "serving written notice of the sale by certified mail on each debtor, who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." § 51.002(b)(3). Notice by certified mail is complete once it is "deposited in the United State mail, postage prepaid and addressed to the debtor at the debtor's last known address." § 51.002(e). Further, the Texas Supreme Court has held that "[t]here is no requirement that personal notice be given to persons who were not parties to the deed of trust." <u>American Sav. & Loan Ass'n</u>, at 588.

Beginning in December of 2005, according to the summary judgment evidence, Chase sent Mr. Cuauhtli multiple letters indicating that the Note was in default and advising him to contact Chase if he wished to cure it. Mr. Cuauhtli did not cure

the default and Chase was under no obligation to set up a revised
payment plan or make special arrangements with Mr. Cuauhtli or
plaintiff to avoid foreclosure of the Note.  Although plaintiff
had an interest in the Property, as noted by the court's
discussion above, she was not a party to the Note or the deed of
trust, and thus was not entitled to notice of the foreclosure
sale.  American Sav. & Loan Ass'n, at 588.  Mr. Cuauhtli, the
debtor on the Note and deed of trust, was entitled to such
notice.  Chase sent Mr. Cuauhtli notice of the foreclosure sale
on February 14, 2006, by certified mail to his last known
address.[3]  Such notice was proper under section 51.002.

    The summary judgment record indicates that the foreclosure
sale held April 2, 2006, conformed to the terms set out in
Chase's notice of acceleration and notice of foreclosure filed in
the Records Office.  See Def.'s App. Supp. Summ. J. Def.'s Ex. 1-
L.  While it is unclear what specific defects plaintiff alleges
to have occurred, Chase has adduced summary judgment evidence
that it complied with the contractual and statutory terms
required to foreclose on the Note.  First State Bank, at 921-22.
Thus, because there is no summary judgment evidence that Chase
"detrimentally affect[ed] the fairness of the foreclosure
process", the court concludes that the foreclosure sale was not
improper.  Id.

---

    [3] Because the Note was secured by Mr. Cuauhtli's residence and he did
not inform Chase of a change of address, the proper location for service of
notice was Mr. Cuauthli's last known address.  See Tex. Prop. Code Ann. §
51.0001(2)(A)(Vernon 2006).

While plaintiff further argues that the price recovered for the Property was "grossly inadequate" and therefore she is entitled to relief, "[m]ere inadequacy of consideration alone does not render a foreclosure sale void if the sale was legally and fairly made." <u>Tarrant Sav. Ass'n v. Lucky Homes, Inc.</u>, 390 S.W.2d 473, 475 (Tex. 1965); <u>American Sav. & Loan Ass'n</u>, at 587 (stating that "the rule is well established that mere inadequacy of consideration is not grounds for setting aside a trustee's sale if the sale was" legal and fair). Thus, because there is no summary judgment evidence that the foreclosure sale was improper, the court does not reach the issue of whether there was adequate consideration given for the Property, and plaintiff's claim for wrongful foreclosure must fail.[4]

VI.

<u>Order</u>

───────────────

[4] While it is not necessary to decide the motion for summary judgment before it, the court notes that a plaintiff who seeks to set aside a sale for wrongful foreclosure cannot, in addition, seek money damages for such foreclosure. <u>See</u> <u>Diversified, Inc. v. Gibraltar Sav. Ass'n</u>, 762 S.W.2d 620, 623 (Tex. App. – Houston [14th Dist.] 1988, writ denied).

11

For the reasons discussed above, the court concludes that Chase's motion for summary judgment should be granted. Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff against Chase in the above-captioned action, be, and are hereby, dismissed with prejudice.

SIGNED February 22, 2007.

_____/s/ John McBryde_____
JOHN McBRYDE
United States District Judge